**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**UNITED STATES OF AMERICA**

**VS.**                                                    **CASE NO: 6:16-cr-24-Orl-31GJK**

**JASON ALEXANDER PHIFER**

**ORDER**

During the trial and after the jury's guilty verdict, Defendant filed a timely Motion for Judgment of Acquittal pursuant to Fed. R. Crim. P. 29 (Doc. 58). The Government opposes the Motion (Doc. 61).

The Indictment (Doc. 1) in this case charged Defendant with possession with intent to distribute a Schedule I controlled substance, to wit: Ethylone, a positional isomer of Butylone.

Title 21, § 841 of the United States Code makes it a federal crime to possess with intent to distribute a "controlled substance." A Schedule I controlled substance includes drugs listed in 21 C.F.R. § 1308.11. Section 1308.11(h) is a temporary listing of substances which includes Butylone and its positional isomers. The legal question presented here is whether Ethylone is a positional isomer of Butylone and therefore a Schedule I controlled substance.

21 C.F.R. § 1308.11(h) does not contain a definition of a positional isomer. It is, however, defined in 21 C.F.R. § 1300.01: "Definitions relating to controlled substances." That section defines "positional isomer" in relevant part as ". . . any substance possessing the same molecular formula and core structure and having the same functional groups as those found in the respective Schedule I [drug]." *Id.* At trial, the Government introduced expert testimony that Ethylone meets this definition as an isomer of Butylone. However this definition is prefaced with the language:

"(2) as used in § 1308.11(d) of this Chapter, the term 'positional isomer' means . . . ." *Id.* Accordingly, Defendant argued at trial and contends here that this definition only applies to the drugs listed in § 1308.11(d) (hallucinogenic substances) and not the temporary drug Butylone (and its isomers) listed in § 1308.11(h). Instead, Defendant relies on the testimony of his expert at trial, Dr. Dudley, who testified that, from a purely scientific standpoint, Ethylone is not a positional isomer of Butylone.

At the conclusion of the trial, the Court was faced with this dilemma when considering what definition of "positional isomer" should be used in its jury charge. During the charge conference, Defendant proposed a definition consistent with Dr. Dudley's scientific view. Doc. 53-1. The Court rejected that proposal and instead gave the charge proposed by the Government that mirrored the definition contained in 21 C.F.R. § 1300.01. By his motion here, Defendant contests the legality of that choice.

Both parties rely on rules of construction to support their position. Defendant argues that because "positional isomer" was defined only in the context of § 1308.11(d), the omission of this definition in connection with § 1308.11(h) was intentional. This would leave the "positional isomer" in § 1308.11(h) with no legal definition and thus, Defendant seeks to rely on the "scientific" definition offered by Defendant's expert. Doc. 58 at 6.

Conversely, the Government contends that this "negative pregnant" does not apply here, because the legislative history provides a reasonable explanation for this void. Doc. 61 at 9. According to the Government, the more reasonable interpretation of the legislative intent behind the statutory scheme is that § 1300.01 was drafted and written at a time when the term "positional isomer" only appeared in § 1308.11(d), and upon the 2011 addition of temporarily scheduled

substances now in § 1308.11(h), the drafters simply neglected to revisit § 1300.01 to include § 1308.11(h) in the definition of "positional isomer."[1] Doc. 61 at 10–11.

The Court concurs with the Government's rationale. It is not plausible to conclude that the definition of "positional isomer" as contained in the overarching section of "definitions relating to controlled substances" (21 C.F.R § 1300.01) was meant to exclude Butylone and its positional isomers as specified in § 1308.11(h)(7); thus, leaving the definition of this substance to the vagaries of expert testimony. Rather, the only reasonable conclusion is that this dichotomy was the result of an unintentional drafting omission and not a conscious effort to leave positional isomer undefined as it relates to Butylone. *Field v. Mans*, 516 U.S. 59, 67 (1995) (finding that the negative pregnant doctrine is limited and that the "more apparently deliberate the contrast [between the provisions at issue], the stronger the inference, as applied, for example, to contrasting statutory sections originally enacted simultaneously in relevant aspects"). It is, therefore

**ORDERED** that Defendant's Motion is DENIED.

**DONE** and **ORDERED** in Orlando, Florida on October 17, 2016.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

United States Marshal
United States Attorney
United States Probation Office
United States Pretrial Services Office
Counsel for Defendant

---

[1] While originally listed in § 1308.11(g), the drafters reassigned the temporary scheduled substances to § 1308.11(h) effective January 4, 2013. *See* 21 C.F.R. § 1308.11(h) (2013); 21 C.F.R. § 1308.11(g) (2011).