UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA,

v.                                                    Case No: 6:16-cr-24-Orl-31GJK

JASON PHIFER,
_____/

**SENTENCING MEMORANDUM**

Jason Phifer, submits his sentencing memorandum in support of his request for a sentence of minimal incarceration, a reasonable term of probation and or supervised release with appropriate conditions.   Such sentence reflects the nature and circumstances of Mr. Phifer's offense, his history and characteristics and is "sufficient, but not greater than necessary" to achieve the purpose of sentencing enumerated in 18 U.S.C. § 3553(a)(2).

In 34 years of life, Mr. Phifer maintained a minimal criminal history.   Specifically, he only has two prior arrest and convictions prior to the instant offense. The first offense occurred when Mr. Phifer was nineteen years old.   This offense was serious in nature and until the current offense, Mr. Phifer had not been involved in any additional felonious activities.   Mr. Phifer has spent the majority of his life being a good son, father, friend and employee.

Mr. Phifer is remorseful for coming before this Court to face punishment for his involvement in an offense that is still fairly new for the United States.   Mr. Phifer respectfully requests that a sentence below the applicable guidelines is just and appropriate

considering the nature and circumstances of the offense; his history and characteristics; the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide general deterrence; and the kinds of sentences available.

GUIDELINE CALCULATIONS

The pre-sentence investigation report ("PSR") has calculated Mr. Phifer's guidelines as follows:

| USSG | DESCRIPTION | LEVEL(S) | PSR |
|---|---|---|---|
| § 2D1.1(c)(5) | Base offense level | 30 | ¶ 22 |
| | Criminal History Category III | | ¶ 37 |

With the above guideline calculations, Mr. Phifer has a guideline range of 121-151 months.  PSR ¶ 60.  Mr. Phifer takes exception to the above calculations based on three specific objections: 1) Relevant Conduct Objection; 2) Ratio Objection; and 3) Acceptance of Responsibility Objection.  Mr. Phifer incorporates by reference all objections stated in Doc. 75.  Further, Mr. Phifer respectfully submits that irrespective to the applicable guidelines, the Court may not presume the guideline as reasonable.  *Gall v. United States*, 552 U.S. 38, 49 (2007).

Courts should consider a multitude of circumstances prior to pronouncing sentence. Specifically, the courts are guided by 18 U.S.C. § 3553(a).  In considering the factors listed, a judge is given great latitude in determining a reasonable sentence and a sentence will remain unless there is abuse-of-discretion.  *Gall*, at 46 (2007).  Judges must give serious consideration to the extent of any departure from the Guidelines and must provide

2

explanation as to why it is appropriate to grant an unusually lenient sentence.  *Id* at 47.   A court is not required to show extraordinary circumstances, or provide a rigid mathematical formula to justify a sentence outside of the Guidelines range.  *Id*.  Whether departing slightly or significantly, it is sufficient that the Court take into consideration the factors listed in 18 U.S.C. § 3553(a) and provide a reasonable explanation for its decision.  *Id* at 50.

*RELEVANT CONDUCT OBJECTION*

Mr. Phifer objects to being held responsible for the 5.25 kilogroms of Ethylone.  PSR ¶¶ 13-16.   Incorporating by reference all objections made in Doc. 75, Mr. Phifer reiterates the following:

*"During the commission of the offense of conviction"*

Mr. Phifer did not possess with intent to distribute the additional 3.75 kilograms of Ethylone during the commission of the offense of conviction.

*"In preparation for that offense"*

The 3.75 kilograms of Ethylone were not ordered in preparation for the offense of conviction.   Each transaction was a separate instance that had no connection to the next.

*"In the course of attempting to avoid detection or responsibility for that offense"*

The government has not submitted any evidence that the orders of Ethylone prior to May 20, 2015, were done in an effort to attempt avoiding detection or responsibility for that offense.

*RATIO OBJECTION*

Mr. Phifer objects to the 500:1 ratio being used to calculate the guidelines and

3

Ethylone being treated as equivalent to MDEA for purposes of converting it to its marijuana equivalency. The United States probation office has not provided any detailed information as to why the Court should calculate the marijuana equivalency at 500:1.   Mr. Phifer argues the correct ratio is 200:1 or lower.   Mr. Phifer has submitted the expert report of Dr. Gregory Dudley which explains in great detail how Ethylone is less potent and not substantially similar to MDEA, thus allowing for a lower ratio than 200:1.   The Government claims that this is an analogous drug to 3, 4 Methaline-Dioxy-Methamphetamine (MDMA) with a recommended Marijuana ratio of 500:1.

Some other courts in the Middle District of Florida have rejected the government's position.   Instead the courts have accepted that Ethylone deserves a ratio lower than 500:1. Here, Mr. Phifer seeks a 200:1 ratio or lower and points to Judge Scriven's Sentencing Order in *United States v. Johns McGuire*, 8:13-cr-421-T-35-TGW.   There, after much thought, argument, and testimony Judge Scriven found MDMA should be a 400:1 ratio and since Methylene being 50% as potent as MDMA at 200:1. Other district court judges in the Middle District of Florida have weighed in on this issue: 1) Judge Sharp in *United States v. Matthew Anthony Grant*, 6:15-cr-00248-6KS-KRS, adopted a Ethylone Ratio of 200:1; *United States v. Nicholas Pangourelias*,   8:14-CR-303-T-23EAJ, Methylene, Judge Merryday found 500:1, stating he is not likely to go under this ratio until USSC speaks directly to synthetic cathinones, in *United States v. Donald Caldwell*, 8:14-CR-387-T-33TBM, Judge Covington found 50% potency of MDMA at 250:1 as a guideline change; *United States v. Ferenc Palfalvi*, 2:14-CR-79-FtM-38DNF, Judge

Chappell found 250:1 as a guideline change for Ethylone at (50% of MDEA's ratio); in *United States v. Matthew Meredith*, 8:14-CR-505-T-35AEP, Judge Scriven found 200:1 as a 3553 variance (argument that ethylene is more substantially similar to methylene, which the Court previously found to be 200:1 in McGuire).

As detailed below, in the majority of the cases concerning Ethylone, the defendants received a lower sentence than originally anticipated by the PSR recommendation.

| Case | PSR Calculation | PSR Recommendation | Sentencing Date | Sentence |
|------|-----------------|--------------------|-----------------|----------|
| *Joshua Alex Warner* 6:16-cr-00016-PGB Judge Byron | 500 gm   Ethylone 497 gm Alpha-PVP | Did not receive a variance. | 9/30/2016 | 46 months |
| *Matthew Anthony Grant* 6:15-cr-00248-GKS Judge Sharp | 998.3 gm Ethylone | TOL 23 CH II 51 - 63 months | 8/25/2016 | 41 months |
| *Matthew Meredith* 8:14-cr-00505-MSS Judge Scriven Tampa | 1,904 gm Ethylone 488 ml Liq. Steroids 93.1 gm Power Steriods | TOL 23 CH I 46 – 57 months | 3/8/2016 | 36 months |
| *Ference Palfalvi* 2:14-cr-00079-SPC Judge Chappell – Ft. Myers | 493.9 gm Ethylone | TOL 21 CH I 37 - 46 months | 6/2/2015 | 30 months |
| *Donald Caldwell* 8:14-cr-00387-VMC Judge Covington Tampa | Ethylone | | 2/2/2015 | 27 months |

*ACCEPTANCE OF RESPONSIBILITY OBJECTION*

Mr. Phifer objects to not receiving a three-level reduction for acceptance of responsibility. "A defendant is entitled to a two-level reduction if he "clearly demonstrates acceptance of responsibility for his offense." U.S.S.G. § 3E1.1(a). The commentary to § 3E1.1 indicates that in the "rare situation[ ]" that a defendant proceeds to trial "to assert and preserve issues that do not relate to factual guilt," the defendant may be entitled to an acceptance of responsibility reduction if his "pre-trial statements and conduct" demonstrate that he has accepted responsibility. U.S.S.G. § 3E1.1 cmt. n. 2 (*emphasis added*).

However, that commentary also provides that a defendant who denies the "essential factual elements of guilt" at trial is not entitled to an acceptance of responsibility reduction. *Id.*; *United States v. Smith*, 7 F. App'x. 772 (9th Cir. 2001); *United States. v. Estrada-Martinez*, 11 F. App'x. 725 (9th Cir. 2001).

Mr. Phifer clearly demonstrated his acceptance of responsibility as detailed in paragraphs 5-12 of the PSR. Pre-trial, Mr. Phifer admitted that he possessed Ethylone and intended to distribute the Ethylone. Furthermore, at trial, Mr. Phifer did not deny his involvement with purchasing Ethylone from his source in China with the intent to distribute it upon possession. Mr. Phifer's defense at trail was whether Ethylone is a controlled substance as a matter of law.

The government argued in Doc. 76, that Mr. Phifer is not entitled to a reduction for acceptance of responsibility based on trial and post-trial statements. However, the commentary is clear that the Court may look to pre-trial behavior in determining the

6

reduction.    Mr. Phifer asserts that a legal argument was offered at trial and he should not be penalized for exercising his constitutional right.   At a minimum, Mr. Phifer should be entitled to a two-level reduction for his pretrial statements and conduct.

*18 U.S.C. §3553(a)*

The Eleventh Circuit has held that a two-step procedure should be used by District Court Judges in imposing sentences in accordance with *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2004). *See United States v. Talley*, 431 F.3d 784 (11th Cir. 2005) and *United States v. Williams*, 456 F.3d 153 (11th Cir. 2006). The District Court has been advised to first consult the Guidelines and correctly calculate its range and second the Court "must consider" ten enumerated factors "to determine a reasonable sentence." *See Talley* at 786.

Such factors are:

1. The nature and circumstance of the offense and the history and characteristics of the defendant;
2. The need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
3. The need for deterrence;
4. The need to protect the public;
5. The need to provide the defendant with needed educational vocational training or medical care;
6. The kinds of sentences available;
7. The Sentencing Guidelines Range;
8. Pertinent police statements of the Sentencing Commission;
9. The need to avoid unwarranted sentencing disparities; and
10. The need to provide resolution to victims.

Further, 18 U.S.C. § 3553(a) directs the Sentencing Court to meet out sentences which should be "sufficient, but not greater than necessary" to achieve the purpose of sentencing. The guideline range is only one of at least ten considerations that assist the

District Court Judge in sentencing; thus, giving the Court wide discretion in determining a fair and just sentence. The Court of Appeals will not disturb a sentence on appeal as long as the District Judge correctly calculates the guidelines and tailors a sentence to § 3553 factors and reasons. Mr. Phifer respectfully summits that § 3553(a) factors are present in the instant case.

*Nature and Circumstances of the Offense*

Mr. Phifer ordered a package of Ethylone from a source in China. PSR ¶ 14. This package was intercepted by the United States Immigration and Customs Enforcement Homeland Security Investigations. PSR ¶ 6.   On May 20, 2015, the Postal Inspector delivered the package to Mr. Phifer's residence.   PSR ¶ 7.   Mr. Phifer took the package, which contained 1.5 kilograms of Ethylone.   PSR ¶ 8.   Mr. Phifer spoke with officers and confessed that his intent was to possess the Ethylone with the intent to distribute.   PSR ¶ 9.

*Mr. Phifer's History and Characteristics*

Born in a home filled with love and religion, how does one go astray?   Mr. Phifer comes from a family that shows respect for law and order.   Even some of his family members are law enforcement.   *See* Ex. A.   Thus, is it fair to say that Mr. Phifer was failed by his family, which led him to engage in criminal behavior? Mr. Phifer submits to the Court that it is not fair to say such.   Mr. Phifer was born to the consensual relationship of William Phifer and Alice Perkins.   PSR ¶ 42.   Mr. Phifer was reared by both parents even in the absence of his parents' cohabitating or being married.   PSR ¶ 43.   Mr. Phifer would spend his childhood residing in both North Babylon, New York and Atlanta,

8

Georgia.  *Id.*

Upon graduation from high school, Mr. Phifer received the Hope Scholarship in Georgia, allotting a full college scholarship to any school in Georgia.  PSR ¶ 50.  His whole future was ahead of him and after only two years, Mr. Phifer made a mistake that landed him in prison.  PSR ¶¶ 33, 50.  He successfully completed his term of incarceration in 2008 and parole in 2013.  PSR ¶ 33.  Mr. Phifer's father believed that his son had put his past behind him and was on a clear road to success.  PSR ¶ 46, Ex. A.

Although Mr. Phifer is facing punishment for this offense, the crime does not eliminate the positive impact that Mr. Phifer has impressed on the lives of others.  As exhibited in the letters from family, friends and co-workers, Mr. Phifer is an individual whom provides support to others.

*Need for the Sentence Imposed to Reflect the Seriousness of the Offense, to Promote Respect for the Law, and to Provide Just Punishment for the Offense*

The sentence the Court imposes needs to reflect the seriousness of the offense without overstating the crime.  Possessing any drug with the intent to distribute is a serious offense.  Congress recognized that some drugs require minimal terms of incarceration where others do not.  Specifically, Congress had determined that cases involving schedule I or schedule II substances do not mandate a term of incarceration. 21 U.S.C. § 841(b)(1)(C).  In this case, the Court can be assured that a sentence below the guidelines will reflect the seriousness of the offense.

The Court is also required to consider whether the punishment will promote respect for the law.  In consideration of this requirement, Mr. Phifer directs the Court to his

behavior upon arrest and his admission of involvement with intent to distribute Ethylone.

What sentence is adequate to provide just punishment for this offense?   Mr. Phifer is unable to answer this question for the Court but submits that a sentence below the guidelines would be just punishment for Mr. Phifer.

*General Deterrence*

Imprisonment within the guidelines range is not necessary to further the § 3553 factor of general deterrence since there is no correlation between punishment and reductions in crime. See Gary Kleck and J.C. Barnes, *Deterrence and Macro-Level Perceptions of Punishment Risks: Is There a "Collective Wisdom"?*, 59 Crime & Delinquency 1006, 1031-33 (2013).  Kleck and Barnes' study concludes:

> [T]here is generally no significant association between perceptions of punishment levels and the actual levels of punishment that the criminal justice system achieves. This in turn implies that increases in punishment levels do not routinely reduce crime through general deterrence mechanisms, because the fundamental link between actual punishment levels and perceptions of punishment levels appears to be weak to nonexistent.  Id. at 1031.

The United States Department of Justice agrees with the conclusion that incarcerating defendants is not an effective means of deterrence. *See*, U.S. Dept. of Justice, Nat'l Inst. of Justice, *Five Things about Deterrence* (July 2014).  In fact, the Department of Justice finds that even increasing the severity of punishment does little to deter punishment.  *Id*.

Based on the foregoing, Mr. Phifer respectfully submits that incarceration below the applicable guideline range adequately addresses any concern regarding general deterrence.

*The Kinds of Sentences Available*

21 U.S.C. § 841(b)(1)(C) does not require the Court to incarcerate Mr. Phifer. Thus, the Court is at liberty to use its discretion in sentencing Mr. Phifer to sentence below the guidelines including a sentence of probation.

*Conclusion*

Mr. Phifer begs upon the Court to consider varying from the applicable guideline range and fashioning a sentence below the guidelines.   Given Mr. Phifers's cooperation with authorities in the beginning of the investigation, his minimal criminal history and his extensive support system, a guideline range would be "greater than necessary, to comply [with the goals of sentencing established by Congress]."   18 U.S.C. § 3553(a).

Respectfully submitted,

DONNA LEE ELM
FEDERAL DEFENDER

*s/ Alisha Marie Scott*
Alisha Marie Scott
Assistant Federal Defender
Georgia Bar No. 806033
201 South Orange Avenue, Suite 300
Orlando, Florida 32801
Telephone: 407-648-6338
Facsimile: 407-648-6095
E-Mail: alisha_marie_scott@fd.org

CERTIFICATE OF SERVICE

I hereby certify that the undersigned electronically filed the foregoing *Sentencing Memorandum* with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to Vincent Chiu, Assistant United States Attorney, this the 6 day of January, 2017.

*/s/ Alisha Marie Scott*
Attorney for Jason Phifer

December 3, 2016

Ex. A

Honorable Judge Gregory Presnell.

I am writing on behalf of my son Jason Alexander Phifer and to appeal for leniency in his sentencing.  My name is Alice Perkins and Jason is my only child.  I am a professional woman, having earned an accounting degree from Georgia State University and a master's degree in Banking and Finance from Boston University.  I am also a CPA.  Currently I am the Director of Finance and Revenue for The Riverside Church located in New York City's Morningside neighborhood.  Previously I was the CFO for a healthcare partnership in NY.  I am successful and believe in mentoring other young adults to influence their lives and careers in a positive way.  Currently I am mentoring a young accounting student and also a CPA who is in the early stages of her career.  I am also a mentor to my niece and Jason's cousin who has started a business selling custom jewelry over the internet and through Facebook.  She told me that as a result of my involvement with her, her business has begun to flourish and she is doing amazing things she never thought she could have previously. I also spend many hours counseling friends and even colleagues about the importance of budgeting, saving and being good stewards of their money. I believe it is very important to help wherever I can with the God given gifts and talents that I have been given.

A little background on Jason includes that Jason received a full scholarship for any college in the State of Georgia and was also invited to WestPoint to apply as a Cadet for this prestigious institution.  He had support of many influential leaders in the community including his Uncle Maurice Perkins, who, at the time, was the President of 100 Black Men in Long Island NY.   Jason knows that that would have lead him to being a contributing member of society much sooner.  I say "much sooner" because he has been a contributing member, but the timing took longer than it should have, considering his level of intelligence. I believe that Jason's sheltered upbringing made him curious to get away from the strict upbringing, to test the water.  I do not know why certain children will do this where as others will follow their parents lead every step of the way.  However as of the time of his last arrest, the case for which you are sentencing him, he was so afraid and understood that his actions were serious and he immediately stopped engaging in the activity and returned to gainful employment that allowed him to use his entrepreneurial and marketing skills to support his family. Jason was doing so well at the time of his conviction.  Jason has been an entrepreneur since he was a little boy.  I still remember him going to the neighbor's house to sell his books and toys to the younger neighborhood kids in Atlanta. However,

he would also give the books away to needy kids, kids that did not have the same means that Jason's parents had.

I would like for you to consider, in sentencing my son, my 5 year old grandson Kingsley who adores his Dad, and to whom Jason is a very involved and supportive father.  At this time, I believe, Kingsley does not know that his father is imprisoned and I know once he does find out, it can have a negative impact on him. He is crying out to me to ask his father to come and get him, to take him to his house.  He does not understand why his daddy is not coming. However, I think that if he were sentenced to a shorter time, the long term impact would be averted and Jason can continue to provide the financial and emotional support he needs in order to help steer towards positive development. I know that Jason has learned from this.  I hope that you can sense his sorrow for what he has done and his naïve involvement in what was a short few month attempt at quick money to fund a business he was starting.  I also hope that you will consider, most importantly, the need for his son to have his father nearby and supporting him. For Jason to be able to attend the father son events at school and to continue the father son bonding experience that he will surely miss is he is away for a long time.   Jason is truly sorry for what he has done and I hope and pray that you will give him a short sentence, house arrest or probation. Jason is a very good father, having had an excellent though "no nonsense" father. He comes from a very good family and he has the support he needs to be successful.  A long sentence will only serve to impact his current and future ability to be there to support and teach his son, to help mold his son towards the path of success.  A father is very important to a young son.  Please do not sentence my son to a long sentence.   Jason has told me that after this he knows that he will be a model citizen, giving back to society and by being involved in helping at risk youth to help them learn by his mistakes.  He has asked for my help in starting different not for profit businesses where he can make an impact.  He is sincere. Of course I have agreed.  If I didn't believe in Jason, I would not ask you, but I do so I ask….Please do not sentence my son to a long sentence.

Thank you very much for your consideration.


Alice Perkins

To:

The Honorable District Court Judge Gregory A.Presnell
401 West Central Boulevard
Orlando,Florida 32801

Your Honor,

I'm writing on the behalf of Jason Phifer and his upcoming sentencing on December 5,2016. I'm hoping this letter of character doesn't go without notice.

 My name is Princess Michele Holmes; single mother of Salahdeen Ashe and Kingsley Phifer. Jason and I have known one another well over six years. I met him as a friend; whom I came to love. Jason came into my life at a very difficult time; being alone as a first time mother isn't any walk in the park. He came with an open heart and took my oldest son in as his own, providing for him in every way. Jason taught Salahdeen how to ride his bike without training wheels, read and write, and even attended his parent teacher conferences to discuss and create a plan of success for him.

Together we were strong and I was convinced he was the one for me. Now, Jason and I have a son together, Kingsley, who has just turned five years old. I'm grateful for every moment he's been able to share with his father. It only breaks my heart to think of all that Jason will miss with his biological son. Now I'm left asking myself who will show him how to do the tie his shoelaces or pick him up when he skins his knee?

I understand Jason has been convicted of Possession with intent to distribute a controlled substance. I do not condone his behavior in any way; nor do I know what may have led to his poor decision making. I've been speaking with him and am certain that he realizes the choices that he's made do not only affect him, but all of us. I will continue to support him and encourage him to progress in a positive direction. For the sake of our sons, I ask that any and all possibilities of a lesser sentence be considered.

Thank you for your time your Honor.

Respectfully yours,

Princess M. Holmes
630 Loffler Circle SE
Palm Bay, Florida 32909

30 3rd Avenue
Brooklyn,New York 11217
Apt 1074
Cell # <u>917.604.2269</u>

The Honorable District Court Judge Gregory A. Presnell
401 West Central Boulevard
Orlando,Florida 32801

Dear Judge Presnell,

   My name is Dianne Perkins. I am Jason Phifer's aunt. His mother Alice is
my sister. I have lived in Brooklyn at the above address since 2005. I've worked at the
post office full time from 1985-2008. I started working at my current job,NYCTA, in
2006. At one time I worked on both jobs full time for about three years. I am a mother
of one, a grandmother of three. I have 2.5 years of college under my belt and plan to go back this
summer.

   My nephew,Jason is a highly intelligent,good humored kind man. He has two beautiful young
boys who he dearly loves. During a moment of stupidity and weakness he allowed himself to
think making fast money in this manner was a good
idea. I was so surprised and then angry to hear that he got involved in such a crime.
This was so out of character for Jason.

   There is no denying that Jason was wrong. He is a grown man who made
a bad decision and therefore has to deal with the consequences.

   I only ask that mercy is shown during the sentencing. We are a large family who are law
abiding. Matter of fact there are several of us who are in law enforcement. I pray that you will
show my nephew some mercy.

Respectfully,
Dianne Perkins

## Edward A. Brown

214-773-5682    EdAtTheAirport@yahoo.com    7612 Craig Street Fort Worth, Texas 76112

December 29, 2016

The Honorable Judge Gregory Presnell
United States District Court
401 W. Central Blvd.
Orlando, Florida 32801

Good Morning Your Honor:

I write in support of my cousin Jason Phifer, who is before you for sentencing. I have been a commercial airline pilot since 1991. While I am employed as a Captain on a private jet,  I have recently been sidelined with cancer. Jason's mother Alice Perkins has been my best friend and favorite cousin since Jason was born. I am close family to him. I am also the family Republican. I am the Chairman of Precinct 1311 of the Republican Party of Texas, and an activist on many issues and campaigns.

Most of my time with Jason was during his younger years - grade school age.  Jason was an inquisitive sort, absorbing all of the things that his older cousin taught him. Once, he needed an idea for a school project. I suggested that he present the idea of President Reagan's "Star Wars" program to his class. As you may remember, Star Wars was a system with rockets, and missiles, and a virtual shield to defend our country from attack. While there was some family opposition to my pushing a Republican idea in the Atlanta school system (oh my!), Jason was impressed and did well on his assignment.

In recent times, I found myself fielding political questions once again. In the year prior to his trial, Jason called me regularly wanting to hear my rebuttals on today's issues, very respectfully absorbing a view that is different from what he was exposed to. I greatly enjoyed conversing with the adult Jason about adult issues, perhaps even changing his view on a few things. I think I was slowly moving him my way.

Regardless of anyone's political affiliation, I hope everyone recognizes the importance of fathers in the black community. It is on this ground that I appeal to your leniency. You are doubtlessly in possession of testimonies describing Jason's relationship with his son, Kingsley. Notwithstanding his wrong in this case, Jason is an outstanding father! While a conservative such as myself recognizes the job that a federal judge must do, I ask for the greatest leeway that the law allows, so that the deprivation of young Kingsley is minimized. Speaking from a Black perspective, Your Honor, we just cannot afford to waste a good dad.

I'd like to plead one other item, if you will allow me the latitude. Jason has never been a mean spirited person, nor a disrespectful snot, nor violent in any way. He honestly is a nice person to be around. As I have read some of the pleadings in this case, I note that Jason's actions did not include anything violent, nor interactions with violent people. He was completely cooperative with authorities, simply erring it seems, in thinking that the product he was selling was legal. I'm not pleading ignorance of the law, but rather that Jason Phifer is not a threat to society that you need to keep off the streets. Perhaps he was a little too duped by the allure of "easy" money. Perhaps instead of a long prison sentence, we instead need to sharpen his judgment on his entrepreneurial endeavors.

With the greatest respect,


Edward A. Brown

To whom it may concern,

My name is Latonja Perkins. I am Jason Phifers first cousin. I've known Jason all my life; we grew up together. We've gone from taking baths together when we were toddlers to raising our own children. I must say that Jason is a phenomenal father to his son Kingsley. I've watched him teach, guide and support his son. For example, he turns many lessons into fun teachable moments, points Kingsley in the right direction and always has his back. I know Jason didn't make the right decision and I will never make excuses for his actions, but I would hate for Kingsley to live the majority of his life without his father. Your honor, if this letter reaches you in time, please consider a lesser sentence for Jason. I'm sure it will mean the world to Kingsley.

Respectfully,

Latonja Perkins

# Charlie Davis III

120 Co Op City Blvd.
Suite 19 D
Bronx, NY 10475

November 17, 2016

The Honorable District Court Judge Gregory A. Presnell
401 West Central Boulevard
Orlando, Florida 32801

Dear Judge Presnell:

This correspondence is on behalf of Mr. Jason Phifer who is appearing before your court due to possession of a controlled substance with intent to distribute.

I have worked for the New York State Office of Children and Family Services formerly known as NY State Division for Youth for approximately twenty two years. This government agency is a juvenile correctional agency in the state of New York. I am employed under the auspices of the Division of Juvenile Justice and Opportunities for Youth (DJJOY). This division deals with the rehabilitation of juvenile offenders and delinquents. Also I am a father of four children who are now adults; one young woman and three young men. They are the product of a thirty plus year relationship and twenty three year marriage. All have attended college and two are college graduates. I take much pride in being a grandfather to a very precocious 5 year old boy.

In my community I have remained very active in attempting to discourage young people from making choices that can create bad circumstances for them in many ways, legal being the most impactful. I have sat on a number of nonprofit boards and coached in community and civic leagues, baseball, basketball, soccer, and football. I initiated a chess club in Harlem, NY as well as bringing a chess program to the facility where I am employed as a direct care giver for juvenile delinquents. My desire and passion is to assist in rehabilitating youth and to also prevent youth from deviant and criminal behavior.

I was given the good fortune of meeting Jason, through his mother Ms. Alice Perkins. Alice is a wonderful and involved mother and grandmother who openly shows her concern and affection for Jason and Jason's son. Jason and I have been friends for approximately two years. I observed Jason as he interacted with his son and family members on many occasions. I found Jason to be articulate, affable and a concerned father. The relationship that Jason shares with Kingsley is admirable and inspiring. His relationship and interaction reminded me dearly of my

relationship with my own father and with my sons. Quite often I would engage Jason in conversation and I became impressed with his keen intellect and desire to excel. Jason's outlook was very optimistic and he began to speak of life in very positive terms, as it related to his goals and his responsibility as a father. Often times can be quite challenging to grow and become a man, it is perhaps more daunting to raise a boy into a man. I was encouraged with Jason's positive outlook and determination to take setbacks and form them into setups for success. His current circumstances are looming over his positive redemptive perspective. It is difficult to navigate through life and Jason whilst making a poor choice as it relates to the conviction that he is now faced with has demonstrated with his behavior and demeanor that he can and wants to be a positive contributor to society. Kingsley will undoubtedly suffer as he is now suffering from the absence of his father, not the individual who made this mistake. Yet the doting and concerned father that he has grown accustomed to.

Jason interacts and is endeared by many of his family members as he is by me. In such a short duration of time we had numerous and almost endless discussions that allowed me to truly ascertain a profound understanding of Jason's character and constitution. If given an opportunity, without  too much disruption, I am confident that Jason will continue to grow and become a productive member of society in a very meaningful way. He has displayed sincere and natural leadership capabilities.

My work with juveniles who are incarcerated has given me much insight and experience with how individuals once they have come to a resolve and resolution with encouragement
And support can ameliorate their circumstances. Jason has in my opinion demonstrated and exhibited redemptive qualities and shown his commitment to his son as valuable and essential. I have pledge my support and unequivocal friendship to Jason. I belief in him as a son, father, and man.

Respectfully,

Charlie Davis III

**Vicki Carew**
**4575 Birdie Lane, Atlanta, GA 30331**
**Phone: 404.580.5541 ◆ Email: carewvic@gmail.com**

November 7, 2016

The Honorable District Court Judge Gregory A. Presnell
401 West Central Boulevard
Orlando, FL 32801

Dear Judge Presnell.

My name is Vicki Carew and I am writing this letter on behalf of Jason Phifer whom I have known since 2002. Jason's mom, Alice Perkins, is a very close friend of mine, someone who is more a sister than a friend to me and a favorite aunt to my 17-year-old daughter.

Alice and I met in 2002, as colleagues at Project GRAD Atlanta where she was responsible for all of the organization's financial operations and oversight, and I developed and led GRAD's College Support program that provided direct support for students enrolled at 72 colleges nationwide. On the morning of Saturday, April 21, 2006, I was visiting Alice at her home when I saw a "For Sale" sign on the lawn of the house across the street from her. I had recently filed for divorce from an 11 year marriage and I was looking for a home for my daughter and me. Two days later, on Monday morning, I made an offer on the house and on June 2, 2006, I closed on the house, which is still home to my daughter and me.

Living in such close proximity to my best friend provided an opportunity for Alice's and my family to grow closer and I got to know Jason even better. I have always known Jason to be a doting son to Alice, and a very caring, well mannered, generous, and supportive friend to my daughter and me. That was always invaluable to me, as a single mom and working professional. As an only child and a young man who was trying to navigate the challenges of growing up, Jason always seemed introspective and determined to do his part to ease the financial responsibilities of a mom who sacrificed so much for him. This self-imposed pressure to help his mother is partly why I think Jason was so driven to so something, sometimes causing him to make less than wise choices. He has always been a kind kid at heart, with no malice.

Since he became a father, I have been so impressed and inspired by Jason's adoration for and dedication to his young son, Kingsley. When they are together it is as though no one else exists. Jason's whole soul seems to come alive. When they are apart, Jason always finds ways to incorporate Kingsley into every conversation, making it plain that his son has given him a renewed sense of purpose. As a daddy's girl who was the apple of my dad's eye until his death three years ago, I recognize the look in Jason's eyes when he looks at Kingsley. That is the loving and reassuring look that I believe every child should be so fortunate to

have.  It is the look that says you can accomplish anything, the look I have no doubt lights up the beautiful spark in Kingsley's eyes.

Your honor, I am aware that Jason has been found guilty of possessing a controlled substance with the intention to distribute.  While I am disappointed and heartbroken, I do not condone Jason's behavior or activities.  I have said that no matter the pressures to provide for his family, this behavior is unacceptable.  Since 1993 when I started working at Morehouse College, in Atlanta Georgia, to my current role as Director of Unit Development at Morehouse School of Medicine, I have had the invaluable opportunity to work with lots of young men like Jason, who while driven to be productive, sometimes make poor choices. I spent six years at Morehouse College where among other things, I developed and led a leadership program for young men and started the college's service learning program.  In my subsequent seven years at Project GRAD Atlanta, leading college support efforts, I continued my work with youth many of whom were first-generation students.  I then served as Executive Director for the Georgia Perimeter College Foundation for 7 years before joining Morehouse School of Medicine last December.  A great number of the young people I was blessed to work with throughout my career are living successful, fulfilling lives and are still an active part of my life.

While serving on the board of Our Family Table Foundation, I contributed to the organization's work to support young men who had been introduced to the juvenile justice system. One of those young men just turned 31 on November 10, and is now a probation officer with Fulton County Department of Corrections.  As I provided Darnell's recommendation for that position, I was reminded of how much each of these young men have blessed my life by allowing me to be part of their transformation and life journey. With the same spirit of faith that fuels my work, I have not lost hope in the promise for Jason's life to be a testimony to others and especially for him to be that stalwart of a father that Kingsley needs.

I humbly ask, your honor, for leniency as you consider your sentence for Jason.  I stand on behalf of my dear friend, Alice, for our dear Kingsley, and for Jason as well.  I strongly believe that this experience and the prospect of his choices negatively impacting Kingsley's life will be the catalyst for him to live a life we can all be proud of. I will continue to stand in full support of Alice and provide as much love and consolation as I can.  She is really having a tough time once again, questioning everything she has done as a mother even though I know first hand that she has been such an amazing mom who has sacrificed so much for Jason.

Thank you, Judge Presnell, for your consideration of my plea for mercy for Jason.

Respectfully,

Vicki Carew

11 November 2016

The Honorable District Court Judge Gregory A. Presnell
401 West Central Boulevard
Orlando, Florida 32801

Your Honor,

My name is Karen Joyce Gurley and I reside in Atlanta, GA where I have lived for most of my 52 years of life. I work as a marketing professional for AT&T and I am experienced in marketing, finance and technology. I received my undergraduate degree from Georgia State University and my MBA from Wake Forest University. I am single and never married and I have a beautiful 13 year old four legged daughter that I love dearly.

I am writing a character reference for my young friend, Jason Phifer, who is before your court for being convicted of possession with intent to distribute a controlled substance. His mother first informed me several weeks ago during a conversation and I was deeply sadden because I DO NOT condone this behavior. However, I love Jason as if he is my son. Jason and I have been a part of each other's lives for the past 30 years as his mother and I are best friends. In other words, he is like family.

I have so many faun memories of Jason through his life such as when he and I would spend hours playing the game of chess and how I was so amazed at his brilliant mind. How we would talk about his dreams and ambitions. I loved watching him play with the family pet and watching him giggle profusely while the puppy licked his face. I admired his passion and determination to further his education so that he could make a successful life for himself and make his family proud.

Unfortunately, Jason's ill-advised and bad decisions has altered his dreams and family wishes; however, I do not believe all is lost. During recent conversations, he has made clear to me that he understands his actions are unacceptable and not an excuse for any hardships he believe to burden him. He understands that he MUST be a better role model and example for his beloved son, Kingsley, in order to break the vicious cycle and change the course of his family legacy.

I am confident that Jason will remain on a positive path for himself and his family. Myself and his entire family loves Jason and will continue to support him and wish him the best outcome for this case.

Should you need to verify any of my statements above, please feel free to call me at (678) 232-1108.


Respectfully Yours,

Karen Joyce Gurley, family friend
3461 Lantern View Lane
Scottdale, GA 30079

November 13, 2016

Rachel Macker
109 Mark Lane
Atlantic Beach, NY  11509
(386) 216-7169
rachel.macker@gmail.com


Honorable District Court Judge Gregory Presnell
Federal Courthouse
401 West Central Boulevard
Orlando, Florida 32801


Re: Jason Phifer

Dear Judge Presnell:

Thank you for taking your time to read this letter.  My name is Rachel Macker.  I am a 33-year old Senior
Accountant at Precision for Medicine in New York, NY with a Bachelor's Degree in Accounting from the
University of Central Florida.   I was born in New York but grew up in Debary, Florida.  I've met Jason
about 10 years ago when he began working for my brother at a marketing firm in Deland, Florida.  Jason
and I clicked instantly after quickly learning we were from the same area in New York.  I've always said I
would move back one day; I finally did in 2014 for my dream.  It has been the best decision I've ever
made, but surely not easy being away from home.  Jason has been one of my very few friends to be sure
to stay in touch, understanding the void I feel being separated from my family and friends.  Since my
move, Jason is always sure to see me while visiting his family in New York.  We have shared so many
great memories over the course of our friendship, but in Florida and New York.  I am not married and I
have no children.  All I have is my family and few true friends, one of which is Jason.  He has been a
constant in my life when I have watched so many others come and go.  Jason is a genuine person and
wonderful friend.

Some of my favorite memories of Jason where this summer when he brought his son Kingsley to visit his
mother Alice.  Jason, Kingsley, and Alice met myself and my niece at a Met's game where we dined in
the restaurant looking over the field. That was my first time meeting Kingsley and seeing Jason interact
with his son. It was an unforgettable experience.  Walking out, we snapped this quick picture, attached
Photo 1.

The Fourth of July was approaching. Jason invited my niece and myself to join his family barbecue at
Alice's house, whose beautiful home faces the neighborhood park. The adults and children were playing
games and wildly jumping in the bounce house, laugher and smiles all around.  When the sun went
down, we had front row seats to one of the most beautiful fireworks displays I'd ever seen. My niece
said it was one of the best days of her life!   We were truly warmed by the welcoming of Jason and his
family. At the end of our long day bouncing with the kids and playing corn-hole with the adults, we
snapped the picture attached, Photo 2.  I will remember that day forever.

Jason has touched my life in so many ways.  Jason comes from a good home, a good family, has strong
family-values, and has a huge heart, qualities that seem rare to come by these days.  Jason is a good

person who has made poor choices.   He has been extremely forthcoming regarding his legal trouble, and shows genuine remorse for his behavior including his plans to change his life moving forward. I will be there for Jason the same way he has been there for me, offering friendship, guidance, love and support.  I respectfully request for you to see Jason through my eyes.  He is a warm, kind-hearted person.  I hope that you are able to offer Jason some type of rehabilitation to guide him in changing his life while still allowing him to be close to his friends and family.

Please forgive my absence during your court hearing.  I made every attempt speak to you in person, but it was not possible.  Again, thank you for taking your time to get to know my dear friend.

Respectfully,

*Rachel Macker*
Rachel Macker

11 November 2016

The Honorable District Court Judge Gregory A. Presnell
401 West Central Boulevard
Orlando, Florida 32801

Your Honor,

My name is Karen Joyce Gurley and I reside in Atlanta, GA where I have lived for most of my 52 years of life. I work as a marketing professional for AT&T and I am experienced in marketing, finance and technology. I received my undergraduate degree from Georgia State University and my MBA from Wake Forest University. I am single and never married and I have a beautiful 13 year old four legged daughter that I love dearly.

I am writing a character reference for my young friend, Jason Phifer, who is before your court for being convicted of possession with intent to distribute a controlled substance. His mother first informed me several weeks ago during a conversation and I was deeply sadden because I DO NOT condone this behavior. However, I love Jason as if he is my son. Jason and I have been a part of each other's lives for the past 30 years as his mother and I are best friends. In other words, he is like family.

I have so many faun memories of Jason through his life such as when he and I would spend hours playing the game of chess and how I was so amazed at his brilliant mind. How we would talk about his dreams and ambitions. I loved watching him play with the family pet and watching him giggle profusely while the puppy licked his face. I admired his passion and determination to further his education so that he could make a successful life for himself and make his family proud.

Unfortunately, Jason's ill-advised and bad decisions has altered his dreams and family wishes; however, I do not believe all is lost. During recent conversations, he has made clear to me that he understands his actions are unacceptable and not an excuse for any hardships he believe to burden him. He understands that he MUST be a better role model and example for his beloved son, Kingsley, in order to break the vicious cycle and change the course of his family legacy.

I am confident that Jason will remain on a positive path for himself and his family. Myself and his entire family loves Jason and will continue to support him and wish him the best outcome for this case.

Should you need to verify any of my statements above, please feel free to call me at (678) 232-1108.

Respectfully Yours,

Karen Joyce Gurley, family friend
3461 Lantern View Lane
Scottdale, GA 30079

The Honorable District Court Judge Gregory A. Presnell
401 West Central Boulevard
Orlando, Florida 32801

My name is William Thomas, I'm 24 years old and a Full Sail University Alumni with a Bachelor of Science in Game Design. I'm currently studying at Full Sail University for a Master of Science in Mobile Gaming. I moved from Ohio to 1567 Fort Smith Blvd. Deltona, FL 32725 on December 4th, 2014. I met Jason at the office of my fiance's job at All Mobile Solutions LLC around April of 2016. The first time I met Jason Phifer was during lunch hours at the office and I was invited to eat sushi.

Since then, I regularly visited the office to bring food and drinks to my fiance Heather and I was always greeted by Jason with kindness, courtesy, and respect. I understand that Jason was convicted for possession with intent to distribute a controlled substance. I would have never guessed that he would be the kind of person to do something illegal such as buying or selling drugs, it didn't fit the Jason that I saw. He is intelligent and we always had valuable conversations about games such as Ingress, game companies, and marketing. I overheard Jason speaking to my fiance Heather and the other co-workers while we were eating sushi that day. He spoke about his remorse for the situation he brought upon himself and that he wished he was in a better position to provide for his family. He spoke about the likeliness that he wouldn't be there for his child if he was sent to prison.

Since I recently began working at All Mobile Solutions LLC, it feels as though something is missing every time I step through the door without the cheerful and courteous welcome I would always receive from Jason. I believe that with your mercy Your Honor, it will shed a new light on Jason's life and encourage him to make better decisions. For if he is treated as a criminal, he will always think that he is one.

Respectfully,

William Thomas

To:
The Honorable District Court Judge Gregory A. Presnell
401 West Central Boulevard
Orlando, FL 32801

From:
Heather Baker
1567 Ft. Smith Boulevard
Deltona, Florida 32725
(386) 601-1141

My name is Heather Baker, I am a mother of a 6 year old girl and currently the projected valedictorian of the Mobile Development Bachelor of Science degree program at Full Sail University. I live in Deltona where myself and my daughter moved in with my fiancé, his mother, and grandmother this year. I have known Jason Phifer for the past 6 years, meeting him through my friend and business associate Michael Paramo. I have worked with Jason for two years of our acquaintance, staying in touch during the time that we did not work at the same company. Jason has always made an upstanding impression, going out of his way to be a good friend and business associate, often helping out when it was not beneficial for him, such as calling clients to inform them that I was out sick as a favor. It came as a complete shock finding out that he had been arrested, then convicted of possession with intent to distribute a controlled substance. I found out just a few days before his trial, when he came to me to explain that he may not be back to work soon. His main concern, the fact that were he to be convicted, he would miss his son's childhood. The only emotions he portrayed about the pending charges were remorse and embarrassment, realizing what he did was wrong and how this would change how his family, coworkers, and friends saw him, regardless of his sentence. He told me that the reason he did not tell me sooner was that he did not want me to look down on him as a failure because of his respect for me and my family. I in no way endorse the possession or distribution of any controlled substance, in this situation or others. However, I do believe that Jason Phifer is a person that quickly learns from his mistakes, and he has shown me this with the remorse he portrayed to me about the charges, as well as countless times in his work and helpfulness at the company that we work for. I will continue to support Jason as a friend and hope that one day he returns to work with me as the environment of the office is lacking without his humor and helpful attitude. I only hope that his son is not the one made to pay for this terrible situation.

Sincerely,

Heather Baker

The Honorable District Court Judge Gregory A. Presnell
401 West Central Boulevard
Orlando, FL 32801

Your Honor,

    My name is Dustin Hofinger.  I am born and raised in Flagler county.  I am a single father of three children. I met Jason Phifer for the first time about a year ago.  He came to work at my office and from the very first day we forged a bond.  A bond at the time I was going through a separation and he provided me an outlet to vent and offered me great advice.  He kept me on a positive path.  He shared with me about his current legal issues.  I definitely don't approve of his actions. I was truly surprised because I have only seen his professionalism and dedication at work.  I have seen the excitement in his eyes when he talks about his son.  I've personally seen Jason go above and beyond to offer his knowledge and experience to help other at work.  I would love to have him return to our office, he is greatly missed.  Please feel contact me if any details or specifications are needed.


Respectfully,

Dustin Hofinger
18 Senseney Path
Palm Coast, FL 32164
386-479-0386

The Honorable District Court Judge Gregory A. Presnell
401 West Central Boulevard
Orlando, FL 32801

Your Honor,

My name is Michael Paramo.  I live at 1838 E. Cooper Dr. Deltona, FL 32725.  I have lived there for approximately 6 years.  I am a father of four great kids, one, three, seven, and a fourteen-year-old. I am currently attending Daytona State College for my degree in computer science. I am writing to vouch for the character of my friend, Jason Phifer who faces criminal sentencing before your court.

I understand Jason has been convicted of Possession with intent to distribute a controlled substance. I do not condone Jason's behavior in any way at all.

I have known Jason for the better part of 10 years.  I met him when I was managing a telemarketing company in Deland, FL.  Jason inquired by application to work in the office.  Initially he stated he had a record and by his approach I was unsure if he would be a good candidate.  I thanked him for his time and notified I would give his application consideration.  After a couple days went by and based on my assumptions of him, I believed that he would not have been a good fit.  He showed up to the office, and his demeanor had convinced me otherwise.  He was very heartfelt with a desire to be given an opportunity.  So much so that I did.  In the business environment I was trying not to make friends, but in some cases it just happens.  He became one of our better employees breaking previous perceptions of him made by me, my bosses, and other employees as well.  I have seen him blossom in to a hard working adult having a positive impact in his life, his family and people around him.  He has had other highs, like becoming a father to his beautiful son.  Like all of us he has had lows as well, loss of relationships, bad choices, and loss of family members.  In those times I still and always will, stand by him in any way that I can.  I know in my times he would do the same.  This is why I humbly asked him to be the godfather to my now three-year-old daughter.  My dear friend has indeed strayed off the path that he should have been on, but I remain convinced that he possesses the desire and determination to learn from this experience and move in a positive direction with his life.  He has a large and committed support system in me and my entire family.  If he is incarcerated, we will be there for him when he is released.  If you see fit in your power to show mercy on him, we will do everything in our power to help him to return to a positive lifestyle.

Respectfully,

Michael Paramo



**4th of July Family gathering. in New York.  Pictured left to right are Jesse Perkins, Jr. (cousin), Jesse Perkins, Sr. (uncle), Jasmine Perkins (cousin), John Perkins (uncle), Latonja Perkins (cousin), Alice Perkins (mom).  Jason Phifer, center, middle.**



Jason and Princess with their son, Kingsley Phifer



**Family Photo. Left to Right, Salahdeen
Ashe, Jason Phifer, Princess Holmes and
Kingsley Phifer**

**Jason and Kingsley Phifer**



**Jason and his mother, Alice - Orlando, FL**



**Jason with this son, Kingsley Phifer**

**Father and son, Jason andKingsley**

